N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CV-85-FL

| | |
|---|---|
| PAUL BURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| SUPERIOR COURT OF KEENE, NEW ) | |
| HAMPSHIRE, ) | |
| ) | |
| Defendant. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Paul Burke ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* Second D.E. dated 10 April 2012). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, but recommend that this case be dismissed for lack of subject matter jurisdiction.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

I. BACKGROUND

Plaintiff's complaint (D.E. 1-1) consists of a five-page typewritten document in which he alleges that defendant, the Cheshire County Superior Court in Keene, New Hampshire

("Cheshire County Court")[1] entered an order (D.E. 1-3 at 3-13)[2] on 30 January 2002[3] dissolving his marriage and ordering him to pay child support in violation of his due process rights. (Compl. 1, 2, 3, 5).[4] Specifically, he contends that he was not properly served with a summons in the divorce proceeding (*id*. at 2, 3) and that the Cheshire County Court lacked personal jurisdiction over him (*id*. at 2). Included with the complaint are 27 pages of exhibits (D.E. 1-3) that relate to the New Hampshire divorce and child support proceedings which are the subject of this action.

Plaintiff brings these claims for violation of his rights pursuant to 42 U.S.C. § 1983 and seeks relief in the form of: (1) a declaration by the court that the Cheshire County Court's divorce order is void; (2) reimbursement of all child support garnished from his wages pursuant to the order; and (3) any other relief the court deems just and appropriate. (Compl. 1 ¶ IV, 5).

## II. DISCUSSION

### A. Legal Standards Applicable to Frivolity Review of Complaint

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for

---

[1] While the caption of plaintiff's complaint names the defendant as "Superior Court of Keene, New Hampshire," in the body of the complaint, plaintiff uses a variety of other names such as "Superior Court of Cheshire County" or "Cheshire Superior Court" presumably to refer to defendant. The court will hereinafter refer to defendant as "Cheshire County Court."

[2] Page citations to the exhibits in D.E. 1-3 are to the page numbers assigned by the court's CM/ECF electronic filing system.

[3] While plaintiff states that the date of the order is 10 May 2001, the final decree of divorce included as an exhibit to the complaint is dated 30 January 2002. (D.E. 1-3 at 3, 13).

[4] Page citations to the complaint are to the page numbers assigned by the court's CM/ECF electronic filing system.

2

Case 7:12-cv-00085-FL   Document 4   Filed 01/02/13   Page 2 of 7

frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007)

(discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here the plaintiffs. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction, which requires that the citizenship of the plaintiffs be different from that of the defendants. *Id*. § 1332; s*ee Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

### B.     Lack of Subject Matter Jurisdiction under *Rooker-Feldman* Doctrine

The court finds that the complaint should be dismissed due to lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. This doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the

4

state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 Fed. Appx. 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "'inextricably intertwined" where "in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual'" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))). In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer*, 129 F.3d at 733). "'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Plaintiff here was a party in the state court action that resulted in the challenged orders, which were entered more than 10 years before he commenced the present litigation. The injuries plaintiff alleges resulted from the entry of these orders. More specifically, plaintiff alleges that the entry of the orders without proper notice to him violated his due process rights and deprived him of income taken from him pursuant to an invalid child support order. Further, plaintiff's request to have the divorce decree declared void, thereby rendering it "ineffectual," *see Jordahl*, 122 F.3d at 202, would obviously require this court to find, impermissibly, that the state court entered these orders in error or in an unfair manner. At bottom, plaintiff's claims are merely attempts to challenge the lawfulness of the New Hampshire orders and, therefore, should have been pursued through that state's appellate process. *See Davis*, 320 F. Supp. 2d at 388. Therefore, the court concludes that the *Rooker-Feldman* doctrine applies to the claims raised by plaintiff and, consequently, precludes this court's subject matter jurisdiction over them. *See Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) (holding that the *Rooker-Feldman* doctrine applied to plaintiff husband's federal suit challenging a state court decision in a divorce action on the grounds that the state court lacked personal jurisdiction over him due to inadequate service of process, reasoning, in part, that the state courts "were competent to determine their own jurisdictional boundaries"); *see also Richardson v. N.C. Dept. of Health & Human Servs.*, No. 5:12-CV-180-D, 2012 WL 4426303, at *1 (E.D.N.C. 29 June 2012) (holding that *Rooker-Feldman* applied to a claim challenging a child support order on the grounds of violation of due process) (mem. & recommendation), *adopted*, 2012 WL 4426059 (E.D.N.C. 24 Sept. 2012); *Richardson v. Green*, No. 5:11-CV-202-H (E.D.N.C. 6 July 2011), *aff'd,* No. 11-1745, 2012 WL 432946, at *1 (4th Cir. 13 Feb. 2012) (concluding that review of a state court child support order was foreclosed by the *Rooker-Feldman* doctrine), *cert. denied*, 133 S. Ct. 296 (1 Oct. 2012);

6

*McAllister v. North Carolina*, No. 5:10-CV-79-D, 2011 WL 883166, at *4 (E.D.N.C. 11 Mar. 2011) (holding that the *Rooker-Feldman* doctrine precluded the court's subject matter jurisdiction over plaintiff's claims challenging state court decisions concerning his child support obligations, including his claim that he was "persecuted" during the state proceedings); *Kelley v. Saleeby*, No. 4:08-00639-RBH, 2008 WL 3927230, at *2 (D.S.C. 21 Aug. 2008) (applying *Rooker-Feldman* to dismiss plaintiff's complaint seeking to have the district court review and modify child custody orders issued in a state family court case). Accordingly, plaintiff's complaint should be dismissed.

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 16 January 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 2nd day of January 2013.

/s/ James E. Gates
James E. Gates
United States Magistrate Judge